**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 95-50605
Summary Calendar

---

MELISSA AIROLDI,

Plaintiff-Appellee,

VERSUS

LEE HISLE, ET AL.,

Defendants,

LEE HISLE, in his individual capacity only,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas
(A-94-CV-655)

---

May 21, 1996

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[1]

Lee Hisle has appealed the district court's order denying his motion for summary judgment based on a qualified immunity claim.

---

[1]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

Because this court lacks jurisdiction, the appeal is dismissed.

### FACTS AND PROCEDURAL HISTORY

Melissa Airoldi, a librarian for Austin Community College (ACC) filed a complaint in federal district court against ACC and three of its employees. Airoldi asserted that she was retaliated against for reporting misuse of public tax dollars to her supervisor and the head of the ACC library system, Lee Hisle. The defendants moved to dismiss the suit under FED. R. CIV. P. 12(b)(6). The district court denied the motion. Airoldi subsequently amended her complaint. Airoldi claimed retaliation for protected speech, violation of the right to free speech, violation of due process, and defamation.

The defendants filed a motion for summary judgment. The court granted summary judgment with respect to Airoldi's claims of defamation and violation of the Texas Whistleblower Act. The district court denied the motion with respect to Airoldi's federal and state constitutional claims. The district found that Hisle was not entitled to qualified immunity due to the existence of material issues of fact. The district court concluded "that if the plaintiff's allegations relating to Hisle's behavior proved true, such retaliatory behavior is not of a nature that any reasonable official could possibly have thought legitimate."

### JURISDICTION TO ADDRESS INTERLOCUTORY APPEAL

Summary judgment determinations are appealable when they resolve a dispute concerning an abstract issue of law relating to qualified immunity, typically whether the federal right allegedly

2

infringed was clearly established. *Behrens v. Pelletier*, 1996 WL 71218, at *9 (U.S. Feb. 21, 1996). However, determinations of evidentiary sufficiency are not immediately appealable merely because they happen to arise in a qualified immunity case. *Id.* The sole complaint raised by Hisle in this appeal is that the district court erred in denying his motion for summary judgment because Airoldi failed to adduce adequate proof to support her claim in response to the motion. Because this Court lacks jurisdiction over the issue raised by Appellant, the appeal must be dismissed.

The motions of both parties for leave to supplement the briefs are GRANTED.

APPEAL DISMISSED.